IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRIK S. MELHI, | : | CIVIL NO. 3:15-CV-0406 |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| JEH JOHNSON, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Amrik S. Melhi ("Melhi"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on February 25, 2015. (Doc. 1). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R. 4[1] and, for the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

I.  **Background**

Melhi, is a native and citizen of India. (Doc. 1, ¶ 5). The date of entry into the United States is not clear from the petition. On July 9, 1985, he pled guilty in the United States District Court for the Eastern District of North Carolina to conspiracy to commit visa fraud in

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

violation of 18 U.S.C. §§ 371, 1546. (Id. at ¶ 6). He was sentenced to five years imprisonment and was placed in removal proceedings. (Id.) On February 11, 1987, he was ordered deported under section 241(a)(4) of the Immigration and Nationality Act ("INA") as an alien convicted of a crime involving moral turpitude committed within five years after admission to the United States. (Id. at ¶ 15). The decision of the Immigration Judge was affirmed by the Board of Immigration Appeals and his petition for review was denied by the United States Court of Appeals for the Fourth Circuit. (Id.) He returned to India in 1989. (Id.)

On March 26, 1997, Melhi's wife applied for an immigrant visa and requested a waiver under INA § 212(a)(2) on Melhi's behalf. The visa and waiver were granted and, on June 7, 1997, he was admitted to the United States as a lawful permanent resident. (Id. at ¶ 16).

On December 20, 2011, Melhi pled guilty to one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a). He was sentenced to a term of imprisonment of forty-six months. (Id. at ¶ 22). On or about February 4, 2011, a Notice to Appear was issued charging him as removable under various sections of the INA. (Id.) He indicates that he was taken into ICE custody on July 28, 2014. (Id. at ¶ 23). On that same date, he was ordered removed to India. (Id.)

Melhi filed the instant petition requesting review of the lawfulness of his continued detention on February 25, 2015. (Id. at ¶ 24).

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the

3

alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on July 28, 2014, the date he was taken into ICE custody. It is unclear whether he was served with a written decision ordering his continued detention at the conclusion of the mandatory detention period. However, the six month period has recently expired, and ICE has failed to remove Melhi. All indications are that jurisdiction to make a determination concerning his custody would now lie with the HQPDU and there is no indication that Melhi filed a written request for release with that unit since jurisdiction has been transferred. Consequently, ICE

will be ordered to treat this petition as a request for release under 8 C.F.R. §241.13.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied without prejudice.

An appropriate Order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: March 6, 2015